IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00233-GPG

DOUGLAS A. GLASER,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
SECOND JUDICIAL DISTRICT,
MITCH MORRISSEY,
JOE MORALES,
ANDY SHOPNECK,
DOUGLAS PRITCHARD, and
DENVER POLICE OFFICER YOUNG,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Douglas A. Glaser, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Glaser has filed *pro se* a Prisoner Complaint (ECF No. 1) asserting constitutional claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).   The court must construe the Prisoner Complaint liberally because Mr. Glaser is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   Mr. Glaser will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has

determined the Prisoner Complaint is deficient. Mr. Glaser asserts constitutional claims for malicious prosecution (claim one); retaliation and vindictive prosecution (claim two); slander, defamation of character, and harassment (claim three); conspiracy to violate civil rights (claim four); and supervisory failure (claim five). His claims stem from his arrest and prosecution for the offense of driving under the influence ("DUI"). Mr. Glaser alleges he was arrested in April 2008 without probable cause or any rational basis for an arrest, the charges against him were increased two years later in retaliation for exercising his constitutional rights, he was convicted as the result of false testimony and sentenced to the maximum term of 730 days in jail, he suffered severe reputational harm from Defendants' false statements and accusations and was unable to obtain a driver's license, the DUI arrest and conviction was used to increase his bond and at sentencing in a separate felony case, the DUI conviction was vacated on direct appeal after he had completed the entire sentence, and the DUI case finally was dismissed on January 27, 2014. Mr. Glaser currently is incarcerated as a result of a sentence imposed in his separate felony case. As relief he seeks damages, an order removing the arrest and prosecution from his record, and an order directing the Colorado Department of Motor Vehicles to remove any and all restrictions placed on his driver's license as a result of the DUI prosecution. The court is aware that Mr. Glaser has filed a prior lawsuit against many of the same Defendants and it appears that some of his claims in this action are repetitive of claims he raised in the prior lawsuit. *See Glaser v. City and Cty. of Denver*, No. 12-cv-00828-RBJ-KLM (D. Colo. Apr. 8, 2013), *aff'd*, 557 F. App'x 689 (10th Cir. 2014). Because Mr. Glaser will be directed to file an amended complaint that clarifies the precise claims he is asserting in this action, the court will not address at this time

whether any of those claims may be barred because they were raised and adjudicated in the prior action.

Mr. Glaser fails to provide a clear statement of his constitutional claims that identifies against which Defendant or Defendants he is asserting each claim and what each Defendant did that allegedly violated his rights. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The pleading requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Furthermore, the general rule that *pro*

*se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Neither the court nor Defendants are required to guess in order to determine the specific factual allegations that are being asserted in support of each claim.

In order to state a cognizable claim in federal court Mr. Glaser must identify the specific factual allegations that support each claim and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). "The elements necessary to establish a § 1983 or *Bivens* violation will vary with the constitutional provision at issue." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (internal quotation marks omitted). Furthermore,

> [b]ecause § 1983 and *Bivens* are vehicles for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. It is particularly important that plaintiffs make clear exactly *who* is alleged to have done *what* to *whom*, . . . as distinguished from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice

>> yet undifferentiated contention that "defendants" infringed his rights.

*Id.* at 1225-26 (internal citations and quotation marks omitted) (*quoted in Glaser v. City and Cty. of Denver*, 557 F. App'x 689, 702 (10th Cir. 2014)).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "Under *Bivens*, an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority." *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation."). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

In addition, Mr. Glaser cannot state a cognizable claim for relief against a municipality like the City and County of Denver in the absence of specific factual allegations that demonstrate the existence of an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).

For these reasons, Mr. Glaser must file an amended complaint if he wishes to

pursue his claims in this action.   Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."   Therefore, Mr. Glaser will be directed to file his amended pleading on the court-approved Prisoner Complaint form.   Accordingly, it is

ORDERED that Mr. Glaser file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.   It is

FURTHER ORDERED that Mr. Glaser shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Glaser fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 28, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge